## Case No. 2,661.

CHESTER et al. v. CURTIS.

[1 Blatchf. 499.] [1]

Circuit Court, S. D. New York. Oct. Term, 1849.

CUSTOMS DUTIES—"CARPET BINDINGS."

1. Under subdivision 2 of section 2 of the tariff act of July 14, 1832 (4 Stat. 584), worsted carpet bindings are not chargeable with a duty of 25 per cent. The clause in that subdivision, relating to bindings, refers exclusively to articles of that description when composed wholly or in part of wool.

2. Whether an action to recover back duties paid under protest after the act of March 3, 1839 (5 Stat. 348), and before the act of February 26, 1845 (5 Stat. 727), can be maintained against a collector, is not decided in this case. An objection on that ground was raised on a motion for a new trial, but was not taken at the trial; if it had been taken, evidence might have been given to obviate it.

At law. This was an action commenced in 1847, to recover back duties paid under protest, in 1841, to the defendant [Edward Curtis], as collector of the port of New York, on worsted carpet bindings. A duty of twenty-five per cent. was charged on them, as falling under subdivision 2 of section 2 of the act of July 14, 1832 (4 Stat. 584), which imposed a duty of twenty-five per cent. on "mits, gloves, bindings, blankets, hosiery, and carpets and carpeting." It was admitted that, unless the articles were properly chargeable with the duty imposed, they were entitled to come in free of duty, under the third section of the act. At the trial, before Mr. Justice Nelson, in November, 1848, he charged the jury that the articles were entitled to entry free of duty, and a verdict was found for the plaintiffs. The defendant now moved for a new trial, on a case.

Benjamin F. Butler, for defendant, besides arguing the question of the construction of the statute, contended that the action could in no event be maintained, the defendant having been required, by section 2 of the act of March 3, 1839 (5 Stat. 348), to pay the duties into the treasury, although they were paid under protest; and that the act of February 26, 1845 (5 Stat. 727), repealing the act of 1839, could not operate retrospectively to subject the defendant to an action to which he was not liable when the duties were received.

Daniel Lord, for plaintiffs [William W. Chester and others]. 1. The objection to the recovery, founded on the act of 1839, was not raised at the trial. 2. The act of 1845 restores the action of assumpsit, if it was taken away by the act of 1839. 3. The act of 1845 restores merely a remedy, not a right of action.

NELSON, Circuit Justice. It is insisted on the part of the plaintiffs, that the term

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

"bindings," in the connection in which it is used in the clause of the act of 1832 which is in question is to be limited to the article when composed wholly or in part of wool, and does not include it when composed wholly of worsted; and the case of Bend v. Hoyt, 13 Pet. [38 U. S.] 263, is referred to as a decision to that effect. The article in question there was silk hose, and the duty was imposed upon it, under the impression that the articles enumerated in the clause embraced all articles of the kind, of whatever materials composed, and that silk hose, therefore, fell within the term "hosiery" there enumerated. But it was held, that the clause applied to articles of the description enumerated, composed wholly or in part of wool, and, therefore, did not embrace the articles of hosiery if composed of silk. The argument is somewhat stronger in favor of such a construction in respect to the article of silk hose, on account of other provisions in the act, than it is in regard to the article in question here. But, as I understand the decision, the court intended to hold and did hold, that the clause related exclusively to articles of the description specified, composed wholly or in part of wool. That decision covers and disposes of the question in this case.

The objection that the suit cannot be maintained against the defendant since the act of 1839, and the decision under it in Cary v. Curtis, 3 How. [44 U. S.] 236, notwithstanding the repeal of that act by the act of 1845, does not arise, as the point was not taken at the trial. If it had been, evidence might have been given to obviate it.

New trial denied.